KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (SBN 129668)
LMcFarland@kilpatricktownsend.com
DAVID K. CAPLAN (SBN 181174)
DCaplan@kilpatricktownsend.com
CAROLINE Y. BARBEE (SBN 239343)
CBarbee@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

JAMES W. FARIS JR.
(application for admission *pro hac vice* to be filed)
JFaris@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: 404-815-6500
Facsimile: 404-815-6555

*Attorneys for Defendant Ole Mexican Foods, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR GUTTMANN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLE MEXICAN FOODS, INC.,<br><br>Defendant. | Civil Action No. 4:14-CV-04845-JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: February 20, 2015<br>Time: 9:00 a.m.<br>Courtroom: 5 – 2nd Floor<br>Judge: Hon. Jeffrey S. White<br>Action Filed: October 31, 2014 |



DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 4:14-CV-04845-JSW

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................1

STATEMENT OF RELIEF SOUGHT BY DEFENDANT.............................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.      STATEMENT OF THE ISSUES TO BE DECIDED.......................................1

      A.    Preemption .......................................................................................1

      B.    Extraterritoriality.............................................................................1

      C.    Non-Actionable Puffery ...................................................................1

      D.    The Lanham Act as "Borrowed Law"...............................................1

II.     SUCCINCT STATEMENT OF THE RELEVANT FACTS.............................2

III.    ARGUMENT AND CITATION OF PERTINENT

       AUTHORITIES .............................................................................................2

      A.    Legal Standard on a Motion to Dismiss...........................................3

      B.    Federal Law Expressly Preempts Plaintiff's State Law

           Claims .............................................................................................3

           1.    The NLEA's Preemption Clause............................................3

           2.    Plaintiff's Claims Seek to Impose Requirements

                Not Identical to Federal Law.......................................5

      C.    Plaintiff Cannot Bring Claims Under California Law on

           Behalf of a Nationwide Class...........................................................7

      D.    The Product Name "Xtreme Wellness!" Is Non-Actionable

           Puffery.............................................................................................8

      E.    Plaintiff Cannot Rely on the Lanham Act as "Borrowed

           Law" Supporting His "Unlawful" UCL Claim ......................................9

IV.    CONCLUSION ...........................................................................................10



## TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Ackerman v. Coca-Cola*,
No. CV-09-0395 (JG), 2010 WL 2925955 (E.D.N.Y. July 21, 2010)………………… 7

*Anunziato v. eMachines, Inc.*,
402 F. Supp. 2d 1133 (C.D. Cal. 2005)………………………………………………… 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)…………………………………………………………………….. 3

*Banks v. Nissan N. Am., Inc.*,
No. C 11-2022-PJH, 2012 U.S. Dist. LEXIS 37754 (N.D. Cal. Mar. 20, 2012)……….. 8

*Barrus v. Sylvania*,
55 F.3d 468 (9th Cir. 1995)…………………………………………………………….... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………….. 3

*Briseno v. ConAgra Foods, Inc.*,
No. CV 11-05379 MMM (AGRx), 2011 U.S. Dist. LEXIS 154750, (C.D. Cal.
Nov. 23, 2011)…………………………………………………………………………... 5

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
No. C 10-01044 JSW, 2011 WL 159380, (N.D. Cal. Jan. 10, 2011) (White, J.)
*aff'd*, 475 F. App'x 113 (9th Cir. 2012)……………………………………………… 6

*Chacanaca v. Quaker Oats Co.*,
752 F. Supp. 2d 1111 (N.D. Cal. 2010)……………………………………………… 6, 7

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
911 F.2d 242 (9th Cir. 1990)…………………………………………………………… 8

*Delacruz v. Cytosport, Inc.*,
No. 11-3532 CW, 2012 WL 1215243 (N.D. Cal. Apr. 11, 2012)……………………… 8

*Fraker v. KFC Corp.*,
No. 06-CV-01284JMWMC, 2007 WL 1296571 (S.D. Cal. Apr. 30, 2007)……………. 9

*Haskell v. Time, Inc.*,
857 F. Supp. 1392 (E.D. Cal. 1994)…………………………………………………… 8

*Hoyte v. Yum! Brands, Inc.*,
489 F. Supp. 2d 24 (D.D.C. 2007)……………………………………………………. 9

*Kanter v. Warner-Lambert Co.*,
122 Cal. Rptr. 2d 72 (Cal. Ct. App. 2002)…………………………………………….. 4

*Koehler v. Litehouse, Inc.*,
No. CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)………………….. 8



**TABLE OF AUTHORITIES**
(continued)

Page

*Littlehale v. Hain Celestial Grp., Inc.,*
   No. C 11-6341 PJH, 2012 WL 5458400 (N.D. Cal. July 2, 2012)……………………… 8

*Mazza v. American Honda Motor Co.,*
   666 F.3d 581 (9th Cir. 2012)……………………………………………………………. 7

*Oestreicher v. Alienware Corp.,*
   544 F. Supp. 2d 964 (N.D. Cal. 2008),
   *aff'd,* 322 F. App'x 489 (9th Cir. 2009)………………………………………………. 8

*Pelman v. McDonald's Corp.,*
   237 F. Supp. 2d 512 (S.D.N.Y. 2003)………………………………………………... 9

*Peviani v. Hostess Brands, Inc.,*
   750 F. Supp. 2d 1111 (C.D. Cal. 2010)………………………………………… 4, 5, 6

*Red v. The Kroger Co.,*
   No. CV 10-01025 DMG MANX, 2010 WL 4262037 (C.D. Cal. Sept. 2, 2010)………. 6

*Reid v. Johnson & Johnson,*
   No. 11CV1310 L BLM, 2012 WL 4108114 (S.D. Cal. Sept. 18, 2012)……………….. 6

*Turek v. Gen. Mills, Inc.,*
   754 F. Supp. 2d 956 (N.D. Ill. 2010),
   *aff'd,* 662 F.3d 423 (7th Cir. 2011)…………………………………………………. 4, 5

*Tylka v. Gerber Prods. Co.,*
   No. 96 C 1647, 1999 WL 495126 (N.D. Ill. July 1, 1999)……………………………. 9

*Van Grabe v. Sprint PCS,*
   312 F. Supp. 2d 1285 (S.D. Cal. 2003)……………………………………………... 9

*Vinson v. J.M. Smucker Co.,*
   No. CV 12-4936-GHK, 2013 WL 6987087 (C.D.. Cal. Mar. 25, 2013)………………. 9

**Statutes**

15 U.S.C. § 1125(a)…………………………………………………………. 1, 3, 9

21 C.F.R. § 101.13(h)(1)……………………………………………………... 6

21 C.F.R. § 101.14(a)(4)…………………………………………...…………. 7

21 C.F.R. § 101.9(c)(2)(ii)…………………………………………………. 5

21 C.F.R. § 136.180…………………………………………………………... 7

21 U.S.C. § 301…………………………………………………………….. 3

21 U.S.C. § 341…………………………………………………………. 4, 5, 7

21 U.S.C. § 343(q)…………………………………………………………. 4



1

**TABLE OF AUTHORITIES**
(continued)

2

<u>Page</u>

3    21 U.S.C. § 343-1(a)……………………………………………………………………    1, 4

4    21 U.S.C. § 343-1(a) (4)-(5)…………………………………………………………...    4, 5

5    Cal. Bus. & Prof. Code § 17200…………………………………………………….. passim

6    Cal. Bus. & Prof. Code § 17500……………………………………………………    2, 4

7    Cal. Civ. Code § 1750……………………………………………………………    2, 4, 8

8    **Other Authorities**

9    Fed. R. Civ. P. 12(b)(6)…………………………………………………………… 1, 3, 8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 20, 2015 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeffrey S. White, United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 5 – 2nd Floor, located at 1301 Clay Street, Oakland, California 94612, Defendant Ole Mexican Foods, Inc. will move, and hereby does move, to dismiss the Complaint of Plaintiff Victor Guttmann, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF RELIEF SOUGHT BY DEFENDANT

Through this Motion, as supported by the Memorandum of Points and Authorities, the court records and files in this action, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion, Defendant seeks dismissal of Plaintiff's Complaint, in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF THE ISSUES TO BE DECIDED

**A.   Preemption.**  Does the Nutrition Labeling and Education Act, 21 U.S.C. § 343-1(a), expressly preempt Plaintiff's state-law claims, which seek to impose on Defendant food labeling requirements that are not identical to those provided by FDA regulations?

**B.   Extraterritoriality.**  Can Plaintiff bring claims under California's consumer protection laws on behalf of out-of-state putative class members who made out-of-state purchases of products made by an out-of-state company?

**C.   Non-Actionable Puffery.**  Is the product name "Xtreme Wellness!" a specific and measureable claim or non-actionable puffery?

**D.   The Lanham Act as Borrowed Law.**  Can Plaintiff rely on Section 43(a) of the Lanham Act as "borrowed law" supporting his claim under the unlawful prong of California's Unfair Competition Law, despite Plaintiff's inability to claim competitive injury?

///



DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 4:14-CV-04845-JSW

- 1 -

## II.     SUCCINCT STATEMENT OF THE RELEVANT FACTS

Plaintiff Victor Guttmann seeks certification of a nationwide class of buyers of the whole wheat variety of Defendant's Xtreme Wellness! line of tortillas.  (Compl. ¶¶ 5, 113; Prayer for Relief ¶ A.)  According to Plaintiff, Defendant's non-disclosure of sub-0.5 grams of trans fat content renders the following seven "health and wellness"-related statements that have appeared on Defendant's product packaging false, misleading, and deceptive:  (1) "Trans Fat Free"; (2) the "Healthy Heart" phrase and image; (3) "High Source of Fiber and Protein"; (4) "Whole Wheat"; (5) "Better Choice for Your Health"; (6) "Healthy Life Style"; and (7) the "Xtreme Wellness!" name of Defendant's tortilla product line.  (*Id.* ¶¶ 63-95, 107.)  Plaintiff alleges he would not have purchased Defendant's Xtreme Wellness! tortilla products absent these statements, and that he "did not receive the benefit of his purchases" because he "received a product that contained trans fat."  (*Id.* ¶¶ 65-66.)

Based on Defendant's alleged non-disclosure of the sub-0.5 grams of trans fat in Defendant's tortilla product, Plaintiff alleges that these "health and wellness"-related statements violate:  (1) the "unlawful" prong of California's Unfair Competition law ("UCL"), Cal. Bus. & Prof. Code § 17200; (2) the UCL's "fraudulent prong"; (3) the UCL's "unfair" prong; (4) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; and (5) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*  (Compl. ¶¶ 123-168.) Plaintiff also alleges breach of express warranty.  (*Id.* ¶¶ 169-176.)  As relief, Plaintiff prays for nationwide class certification, damages in the amount of at least $5 million, disgorgement of Plaintiff's profits, punitive damages, attorneys' fees and costs, and injunctive relief requiring that Defendant "cease and desist its deceptive, unconscionable and fraudulent practices" and "engage in a corrective advertising campaign."  (Prayer for Relief ¶¶ A-H.)

## III.    ARGUMENT AND CITATION OF PERTINENT AUTHORITIES

The crux of Plaintiff's Complaint is his contention that California state law requires that Defendant either disclose the alleged sub-0.5 grams of trans fat in its tortilla product or cease using otherwise acceptable "health and wellness" statements on its product packaging.  Either requirement would impose on Defendant food labeling requirements that are not identical to



DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 4:14-CV-04845-JSW

- 2 -

1    federal regulations.  Accordingly, all of Defendant's state law claims are expressly preempted, and

2    the Court should dismiss Plaintiff's Complaint in its entirety.

3         Plaintiff's Complaint is also deficient because it improperly seeks to bring claims under

4    California law on behalf of a nationwide class, and to impose liability based on a product name

5    that is non-actionable puffery.  Further, Plaintiff seeks to rely on an alleged Lanham Act violation

6    as "borrowed law" supporting his claim under the unlawful prong of California's Unfair

7    Competition Law, even though he cannot claim competitive injury.

8         **A.    Legal Standard on a Motion to Dismiss**

9         Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of a complaint is

10   appropriate when it does not contain enough facts to state a claim to relief that is plausible on its

11   face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Claim" means a set of facts that, if

12   established, entitle the pleader to relief.  *Id.*  And a claim is plausible on its face "when the

13   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This

15   plausibility analysis is "a context-specific task that requires the reviewing court to draw on its

16   judicial experience and common sense."  *Id.* at 679.

17        **B.    Federal Law Expressly Preempts Plaintiff's State Law Claims.**

18        Plaintiff's Complaint turns on the allegation that Defendant's alleged non-disclosure of

19   sub-0.5 grams of trans fat in the whole wheat variety of its Xtreme Wellness! line of tortillas

20   renders various "health and wellness" statements on its product packaging misleading, false, and

21   deceptive.  (Compl. ¶ 65; *see also id.* ¶ 66 (The statements are "false and misleading" because the

22   product "contained trans fat.").)  Accepting Plaintiff's allegations as true, federal law expressly

23   preempts his state law claims because they seek to impose state law requirements that are not

24   identical to federal regulations.

25        **1.    The NLEA's Preemption Clause**

26        The U.S. Food and Drug Administration ("FDA") comprehensively regulates food labeling

27   nationwide under authority from the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C.

28   §§ 301 *et seq.*, as amended by the Nutrition Labeling and Education Act of 1990 ("NLEA"), 21



U.S.C. §§ 341 *et seq.*  In furtherance of this nationwide regulatory scheme, Congress included the following preemption provision as part of the of the NLEA:

> [N]o State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce . . . *any requirement* for nutrition labeling of food that is *not identical to* the requirement of section 343(q) [concerning nutrition information] . . . [or] any requirement respecting any claim . . . made in the label or labeling of food that is *not identical to* the requirement of section 343(r) [concerning nutrition levels and health-related claims].

21 U.S.C. § 343-1(a) (4)-(5) (emphasis added).

"Requirement" as used in Section 343-1(a) is a term that "sweeps broadly" and includes not only statutes and regulations, but also "common-law duties and judge-made rules." *Turek v. Gen. Mills, Inc.*, 754 F. Supp. 2d 956, 958 (N.D. Ill. 2010), *aff'd*, 662 F.3d 423 (7th Cir. 2011) (internal quotations omitted).  "Not identical to" means that a State law requirement imposes obligations concerning the labeling of food that:  (1) "Are not imposed by or contained in the applicable provision or regulation"; or (2) "Differ from those specifically imposed by or contained in the applicable provision or regulation." *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1118-19 (C.D. Cal. 2010) (internal quotations omitted).

As a result of the NLEA's preemption clause, "some stringent State laws will be preempted by less restrictive Federal regulations."  58 Fed. Reg. 2462-01, 2462 (Jan. 6, 1993). Thus, *any* state-law requirements that are not imposed by the FDCA, the NLEA, or their implementing regulations necessarily differ from federal requirements, and are preempted. *Turek*, 662 F.3d at 427 ("Even if the disclaimers that the plaintiff wants added would be consistent with the requirements imposed by the [FDCA], consistent is not the test; identity is."); *see also Kanter v. Warner-Lambert Co.*, 122 Cal. Rptr. 2d 72, 84-85 (Cal. Ct. App. 2002) ("[W]hen a state law claim, however couched, would effectively require a manufacturer to include additional or different information on a federally approved label, it is preempted.").  And courts routinely hold that California's "[c]onsumer protection laws, such as the UCL, FAL, and CLRA, are . . . preempted if they seek to impose requirements that contravene the requirements set forth by federal law," including the FDCA and its implementing regulations. *Peviani*, 750 F. Supp. 2d at

DEFENDANT'S MOTION TO DISMISS COMPLAINT                                           - 4 -
CASE NO. 4:14-CV-04845-JSW

1118 (finding preemption because otherwise plaintiff "would necessarily impose a state-law obligation for trans fat disclosure that is not required by federal law"); *see also Briseno v. ConAgra Foods, Inc.*, No. CV 11-05379 MMM (AGRx), 2011 U.S. Dist. LEXIS 154750, at *26-27 (C.D. Cal. Nov. 23, 2011) (rejecting a claim to "adopt and enforce a policy that requires appropriate disclosure of [genetically modified] ingredients because the FDCA does not require such disclosure"); *Turek*, 754 F. Supp. 2d at 961-62 (defendant not required to disclose the type of fiber in a food product because the FDCA does not require such a disclosure).

## 2. Plaintiff's Claims Seek to Impose Requirements Not Identical to Federal Law.

One of the food labeling regulations promulgated by the FDA, pursuant to its authority under the FDCA and NLEA, is that food products with less than 0.5 grams of trans fat per serving shall be disclosed as zero. 21 C.F.R. § 101.9(c)(2)(ii) ("If the serving contains less than 0.5 gram [of trans fat], the content, when declared, shall be expressed as zero."). In accordance with that regulation, Defendant disclosed that the tortilla product identified in Plaintiff's Complaint contains "Trans Fat/Grasa Fat 0g." (Compl. ¶ 69.)

In his Complaint, Plaintiff does not allege that Defendant's product exceeds the 0.5 grams per serving threshold, nor does he contend that Defendant's "Trans Fat/Grasa Fat 0g" disclosure violates FDA regulations. Instead, Plaintiff argues that various other "health and wellness"-related statements on Defendant's product packaging are misleading for the very reason that Defendant has not explicitly disclosed on its packaging that its product allegedly contains small amounts of trans fat. (*Id.* ¶ 65.) Put another way, Plaintiff contends that California state law requires that Defendant either (1) disclose the sub-0.5 grams of trans fat content in its tortilla product or (2) cease using any otherwise acceptable "health and wellness"-related statements on its product packaging. Because either requirement would be "not identical to the requirement[s]" of the FDCA and the NLEA, federal law expressly preempts Plaintiff's claims. 21 U.S.C. § 343-1(a)(4)-(5).

First, federal law *requires* that Defendant disclose the alleged sub-0.5 grams of trans fat in its product "as zero." 21 C.F.R. § 101.9(c)(2)(ii). Thus, any additional state law disclosure



obligation regarding trans fat necessarily would differ from, and be preempted by, federal requirements. *See Peviani*, 750 F. Supp. 2d at 1118.

Second, with respect to Plaintiff's claim as to Defendant's "Trans Fat Free" statement, the claim is expressly preempted as Defendant's statement simply repeats, permissibly, the "Trans Fat/Grasa Fat 0g" disclosure included in the "Nutrition Facts" box on Defendant's product. *See Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011) (White, J.) *aff'd*, 475 F. App'x 113 (9th Cir. 2012) (finding preemption of plaintiff's state law claims concerning defendant's voluntary, outside of the Nutrition Facts box "0g Trans Fat" statement); *Red v. The Kroger Co.*, No. CV 10-01025 DMG MANX, 2010 WL 4262037, at *4 (C.D. Cal. Sept. 2, 2010) (same); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1119 (N.D. Cal. 2010) (same as to defendant's outside the Nutrition Facts box "0 grams trans fat" statement). And to the extent Plaintiff attempts to avoid express preemption by trying to distinguish "0g Trans Fat" or "0 grams trans fat" from Defendant's "Trans Fat Free" statement, another court in this Circuit previously found a similar attempted distinction ("0 grams trans fat" vs. "No Trans Fat") to be unreasonable. *Reid v. Johnson & Johnson*, No. 11CV1310 L BLM, 2012 WL 4108114, at *10 (S.D. Cal. Sept. 18, 2012). As was true in *Reid*, "Trans Fat Free" is the "functional equivalent" of "0g trans fat," and Plaintiff's state law claims as to that statement are expressly preempted. *Id.*

Also expressly preempted are Plaintiff's claims concerning Defendant's other alleged "health and wellness"-related statements—i.e., the six statements identified in Paragraphs 69-93 of the Complaint that do not directly concern trans fat but that, according to Plaintiff, were "part of an intentional campaign to deceptively market Xtreme Wellness as healthful . . . despite containing artificial trans fat." (Compl. ¶¶ 70, 73, 75, 77, 80, 81.) As explained by the court in *Chacanaca*, "[t]he federal regulatory statute provides for this precise scenario: that is, it categorizes as misleading and therefore prohibited even true nutrient content claims if the presence of another 'disqualifying' nutrient exceeds an amount established by regulation." 752 F. Supp. 2d at 1122. To date, the FDA has by regulation imposed "disqualifying" levels for only four nutrients: total fat, saturated fat, cholesterol, and sodium. *Id.* (citing 21 C.F.R. §§ 101.13(h)(1),

101.14(a)(4)).  The FDA has expressly declined to set disqualifying levels for trans fat.  68 Fed. Reg. 41434-01, 41465 (July 11, 2003) (declining to bar "no cholesterol" statement if product contained trans fat).

Thus, the presence of sub-0.5 grams of trans fat in Defendant's tortilla product is not a "disqualifying" nutrient that would prevent Defendant from emphasizing whatever other health benefits its product offers.  And "[b]ecause the [FDA] has expressly decided *not* to recognize trans fats as a disqualifying nutrient, plaintiff's state law claim[s are] inconsistent with [the NLEA] and its regulations to the extent it depends on the presence of trans fats to render the content claims misleading."  *Chacanaca*, 752 F. Supp. 2d at 1122 ("Essentially, plaintiffs' claim asks this Court to *ascribe* disqualifying status to trans fats where the Agency has at least so far declined to do so."); *cf. Ackerman v. Coca-Cola*, No. CV-09-0395 (JG), 2010 WL 2925955, at *8 (E.D.N.Y. July 21, 2010) (finding plaintiff's claim that high sugar content in beverage made health claims misleading preempted where the FDA failed to establish sugar as a disqualifying nutrient).

Plaintiff also claims that Defendant's "Whole Wheat" statement is misleading because Defendant's tortilla product "is not made *solely* with whole wheat flour . . . ."  (Compl. ¶ 78 (emphasis added).)  But FDA regulations do not require that whole wheat bread products be made "solely" from whole wheat flour.  *See* 21 C.F.R. § 136.180.  As Plaintiff does not allege that Defendant's "Whole Wheat" statement is not in compliance with FDA regulations, his state law claims as to that statement would require Defendant to omit a representation that federal law allows.  Such a requirement would be expressly preempted by the NLEA.

**C.    Plaintiff Cannot Bring Claims Under California Law on Behalf of a Nationwide Class.**

Plaintiff is a California resident (Compl. ¶ 14) who seeks to assert claims under California's consumer protection laws against an out-of-state manufacturer (*id.* ¶ 13) on behalf of a nationwide class of consumers (*id.* ¶¶ 5, 113; Prayer for Relief ¶ A).  As the Ninth Circuit explained in *Mazza v. American Honda Motor Co.*, however, "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."  666 F.3d 581, 594 (9th Cir. 2012).  Accordingly, Plaintiff cannot



1   pursue claims under California law on behalf of consumers who purchased Defendant's tortilla

2   product in another state, and the Court should dismiss Plaintiff's nationwide class allegations.  *See*

3   *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *7 (N.D. Cal. Dec. 13,

4   2012) (dismissing nationwide class allegations because underlying purchases would involve

5   purchases made outside California by non-California residents); *Littlehale v. Hain Celestial Grp.,*

6   *Inc.*, No. C 11-6341 PJH, 2012 WL 5458400, at *2 (N.D. Cal. July 2, 2012) (dismissing UCL and

7   CLRA claims where alleged transactions occurred in Pennsylvania); *Banks v. Nissan N. Am., Inc.*,

8   No. C 11-2022-PJH, 2012 U.S. Dist. LEXIS 37754, at *3 (N.D. Cal. Mar. 20, 2012) (holding that

9   plaintiffs "may continue to pursue their claims on behalf of a California class only").

10       **D.       The Product Name "Xtreme Wellness!" Is Non-Actionable Puffery.**

11       In addition to being expressly preempted by federal law, Plaintiff's claims concerning

12   Defendant's "Xtreme Wellness!" product name should be dismissed as the name is non-actionable

13   puffery.  *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th

14   Cir. 1990) ("District courts often resolve whether a statement is puffery when considering a

15   motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no

16   sound reason why they should not do so.").

17       "Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a

18   reasonable consumer could not rely, and hence are not actionable."  *Oestreicher v. Alienware*

19   *Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009).  On the

20   other hand, "specific factual assertion[s] which could be established or disproved through

21   discovery" are not mere puffery because claims of this sort are capable of objective verification.

22   *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1140-41 (C.D. Cal. 2005); *see also Haskell v.*

23   *Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("The distinguishing characteristics of

24   puffery are vague, highly subjective claims as opposed to specific detailed factual assertions.").

25       Non-specific, non-measurable assertions—like the product name "Xtreme Wellness!"—are

26   classic non-actionable puffery.  *See, e.g., Delacruz v. Cytosport, Inc.*, No. 11-3532 CW, 2012 WL

27   1215243, at *7 (N.D. Cal. Apr. 11, 2012) ("The word 'ideal' is vague, highly subjective, and non-

28   actionable, like superb, uncompromising quality, . . . high performance, and top of the line.")



DEFENDANT'S MOTION TO DISMISS COMPLAINT                                                      - 8 -
CASE NO. 4:14-CV-04845-JSW

(internal quotations omitted); *Fraker v. KFC Corp.*, No. 06-CV-01284JMWMC, 2007 WL 1296571, at *3 (S.D. Cal. Apr. 30, 2007) ("part of a balanced diet," "highest quality ingredients," and "balanced eating plan" constitute mere puffery); *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 30 (D.D.C. 2007) ("best food" is non-actionable puffery); *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 528 (S.D.N.Y. 2003) ("Merely encouraging consumers to eat its products 'everyday' is mere puffery."); *Tylka v. Gerber Prods. Co.*, No. 96 C 1647, 1999 WL 495126, at *8 (N.D. Ill. July 1, 1999) ("optimum nutrition," "nutritionally, you can't buy a better food," and "most wholesome nutritious safe foods" constitute puffery).

        As there is no standard by which to measure whether Defendant's "Xtreme Wellness!" statement is true or false, the statement is non-actionable puffery, and Plaintiff's claims with respect to that statement should be dismissed.

> **E.      Plaintiff Cannot Rely on the Lanham Act as "Borrowed Law" Supporting His "Unlawful" UCL Claim.**

        Plaintiff's UCL claim is based in part on Defendant's alleged violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (Compl. ¶ 127.)  Specifically, Plaintiff alleges that Defendant violated the Lanham Act because its "advertising constitutes false statements of fact in interstate commerce about its own and other products, which were material in that they were likely to influence consumer's purchasing decisions, and which had a tendency to deceive, or actually deceived a substantial segment of Defendant's audience, resulting in injury."  (*Id.*)

        To state a prima facie case under the false advertising prong of the Lanham Act, Plaintiff "must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete." *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995).  For this reason, it is well settled that "consumers do not meet the standing requirement for the Lanham Act." *Van Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1302-03 (S.D. Cal. 2003) (dismissing Lanham Act claim for failure to allege a commercial or competitive injury); *see also Barrus*, 55 F.3d at 470 (dismissing Lanham Act clam where "[a]s consumers, [plaintiffs] have alleged neither commercial injury nor competitive injury"); *Vinson v. J.M. Smucker Co.*, No. CV 12-4936-GHK, 2013 WL 6987087, *4 (C.D.. Cal. Mar. 25, 2013)



1  (dismissing plaintiff's UCL claim to the extent it was based on an alleged Lanham Act violation).

2      Here, there is no question that Plaintiff is merely a consumer of Defendant's tortilla

3  product.  (Compl. ¶¶ 60-66, 127.)  Plaintiff does not compete with Defendant, and his formulaic

4  recitation of the elements of a Lanham Act false advertising claim makes no mention of a

5  commercial injury.  (*See id.* ¶ 127.)  Accordingly, Plaintiff's UCL claim should be dismissed to

6  the extent it is based on an alleged Lanham Act violation.

7  **IV.    CONCLUSION**

8      For all the foregoing reasons, Defendant respectfully requests that the Court dismiss

9  Plaintiff's Complaint in its entirety and with prejudice.

10

11  DATED:  January 5, 2014          Respectfully submitted,

12                                   KILPATRICK TOWNSEND & STOCKTON LLP

13

14                                   By:  /s/ David K. Caplan
15                                         LARRY W. MCFARLAND
                                           DAVID K. CAPLAN
16                                         CAROLINE Y. BARBEE
                                           JAMES W. FARIS JR.

17                                   *Attorneys for Defendant Ole Mexican Foods, Inc.*

18

19

20

21

22

23

24

25

26

27

28

